## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Civil Action No.   6:21-cv-00023

CONNIE A. BAILEY,

    Plaintiff,

v.

MRS BPO, LLC,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** CONNIE A. BAILEY, by and through her undersigned counsel, complaining of Defendant MRS BPO, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. CONNIE A. BAILEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Daytona Beach, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "person" as defined by 47 US.C. § 153(39).

10. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

11. MRS BPO, LLC ("Defendant") maintains its principal place of business at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of 's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. 153(39).

14. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4676.

16. At all times relevant, Plaintiff's number ending in 4676 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. In or around December 2020, Plaintiff started receiving calls from Defendant.

19. When Plaintiff answered the phone, she was greeted by a very long pause and had to say hello several times before a live representative came on the line.

20. When speaking with the representative, Plaintiff refused to verify any information regarding her identity, including her name.

21. Despite this refusal, Defendant's representative went on to state that Defendant was a debt collector attempting to collect a debt.

22. It was at this point that Plaintiff requested Defendant stop contacting her.

23. Plaintiff received a second phone call from Defendant shortly thereafter.

24. During this phone call, Plaintiff again refused to verify her identity and advised Defendant that she did not know why Defendant was calling and requested that the phone calls cease.

25. Unfortunately, Defendant continued to place phone calls to Plaintiff.

26. In total, Defendant has placed no less than 10 unconsented and unwanted phone calls to Plaintiff since she requested that the phone calls cease.

27. Defendant placed these calls from various phone numbers, including but not limited to the phone number (321) 710-4178.

28. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

29. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **DAMAGES**

30. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

32. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

33. Plaintiff was forced to initiate the instant litigation to compel Defendant to cease its unlawful conduct.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

34. Paragraphs 15 to 33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Defendant placed or caused to be placed at least 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in Plaintiff being required to say "Hello" numerous times, followed by a lengthy pause after the called party speaks into the phone.

38. As pled above, Plaintiff revoked consent to be called on her cellular phone during phone calls with Defendant.

39. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to her cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

42. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

43. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, CONNIE BAILEY requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

#### a. Violations of FDCPA §1692b(2)

44. Paragraphs 15 to 33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Section 1692b of the FDCPA regulates how debt collectors can communicate with third parties.

46. Specifically, § 1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

47. Defendant violated §§ 1692b and b(2) when it knowingly disclosed information that it was collecting on a debt without verifying Plaintiff's identity.

48. Specifically, Defendant stated that it was calling in regard to a debt without verifying that the person with whom Defendant was speaking was actually the person to whom the debt belonged.

### b. Violations of FDCPA §§1692c and c(b)

49. Section 1692c of the FDCPA regulates communication in connection with debt collection.

50. Specifically, §1692c(b) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

51. Defendant violated §§ 1692c and c(b) when it knowingly disclosed to Plaintiff that it was attempting to collect a debt without verifying that it was speaking with the person who allegedly owes the debt in question.

### c. Violations of FDCPA §1692d

52. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

53. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

54. Defendant violated §§ 1692d and d(5) when it placed at least 10 collection calls after Plaintiff requested that the phone calls cease in an attempt to collect on a debt.

55. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

56. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, CONNIE A. BAILEY, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

57. Paragraphs 15 to 33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

58. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

59. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

60. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, CONNIE A. BAILEY, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 4, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**CONNIE A. BAILEY**

　　　　　　　　　　　　　　　　　　　　By: /s/ *Alexander J. Taylor*

　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.

9

                Florida Bar No. 1013947
                SULAIMAN LAW GROUP, LTD.
                2500 South Highland Avenue
                Suite 200
                Lombard, Illinois 60148
                +1 630-575-8181
                ataylor@sulaimanlaw.com